No: 15-1388

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

## ALFRED MCZEAL, MATTHEW D. HAYNIE, NHUT H. LE, CHAI M. LE, LOFTON RYAN BURRIS

### Plaintiff-Appellants

v.

OCWEN LOAN SERVICING, LLC., MIDSOUTH NATIONAL BANK, NA, HREAL COMPANY, LLC.,,MIDSOUTH BANK SHARES, INC., L. J. ANGELLE, PHH MORTGAGE,WELLS FARGO BANK, NA, FEDERAL HOME LOAN MORTGAGE CORPORATION , J.P. MORGAN CHASE, BANK, NA,,US BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR MORTGAGE PASS THROUGH CERTIFICATES SERIES 1998 R3, MORTGAGE ELECTRONIC REGISTRATION SYSTEM,DEUTSCHE BANK NATIONAL TRUST COMPANY, RBS FINANCIAL, ALTISOURCE,, Mackie Wolf Zientz & Mann, P.C, Schiller & Adam, P.A, Hinshaw & Culbertson, LLP., MCCARTHY & HOLTHUS, LLP., QUALITY LOAN SERVICES,  Douglas A. Toleno, Kendra Wiley, Samuel R. Coleman, Ellen B. Silverman,

### Defendant-Appellees

On Appeal From:

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Case Number: 15-cv-01381-LTB

Judge: WILLIAM J. MARTINEZ

## Appellant's Opening Brief

**ALFRED MCZEAL, MATTHEW D. HAYNIE, NHUT H. LE, CHAI M LE, LOFTON RYAN BURRIS**

ALFRED MCZEAL
WORLD WIDE WALKIE TALKIE
633 W. FIFTH ST. 26TH & 28TH FLOORS
LOS ANGELES, CA. 90071
PHONE: 832-623-4418

MATTHEW D. HAYNIE,
575 28 1/2 RD, SUITE #42
GRAND JUNCTION CO 81501
PHONE: 970-210-0855

NHUT H. LE
113 Roselawn Avenue East
Saint Paul, MN 55117
Phone: 651-214-6274

CHAI M. LE
113 Roselawn Avenue East
Saint Paul, MN 55117
Phone: 651-214-6274

LOFTON RYAN BURRIS
439 East 246th Place
Carson, CA 90745-6534
Phone: 310.834.6621

## ORAL ARGUMENT WAIVED

Appellate Case: 15-1388    Document: 01019558421    Date Filed: 01/21/2016    Page: 2

ALFRED MCZEAL, MATTHEW D. HAYNIE, NHUT
H. LE, CHAI M LE, LOFTON RYAN BURRIS  VS  OCWEN LOAN SERVICING, LLC    *Case Number: 15-1388*

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not really needed in this appeal because the record and supporting evidence in this case is sufficient to establish the plain errors and abuse of discretion by the United States District Court          The main issue in this appeal is as follows:

### *THE MAIN ISSUE:*

**THE ORDERS AND FINAL JUDGMENT IN THIS CASE ARE NULL AND VOID AND SHOULD BE VACATED.**

## THE MAGISTRATE JUDGE WAS NOT AUTHORIZED TO ENTER ORDERS IN THIS CASE AND WAS NOT PROPERLY REFERRED PURSUANT TO THE PROVISIONS OF 28 U.S.C §636(b)(l)(A)

**Oral argument is not needed to see that the magistrate judge assigned to this case was not authorized to conduct hearings and proceed in this matter and this fact appears on the face of the record. Oral argument is not needed to see that entry of orders without authority at the very outset of this case was simply abusive.**

Like issue one above, oral argument is not needed on the second issue either, because the error can be easily seen from the record. The second issue is as follows;

### *THE SECOND ISSUE:*

**A STAY OF THE PROCEEDINGS BY THE MAGISTRATE WAS AN ABUSE OF DISCRETION & ABUSE OF POWER.**

## THE CASE SHOULD BE REMANDED BECAUSE THE MAGISTRATE WAS CLEARLY NOT AUTHORIZE TO STAY THESE PROCEEDINGS.

**Oral argument is not needed to see that the magistrate judge had no such authority to stay proceedings when the answer was due. This clearly shows that the administration of justice in this case has indeed been compromised.**

Oral argument is clearly not need on the above two issues, and this court can decide and remand the matter on these issues alone. These errors are obvious, appear on the face of the record, and thus oral argument would not be helpful in this case.

## STATEMENT REGARDING ORAL ARGUMENT
### *(CONTINUED)*

Oral argument is not needed on Issue 3, 4, or 5 because these issues, like issue 1 and issue 2, are truly straight forward and the record is sufficient to show these plain errors.

### *THE THIRD ISSUE:*

**APPELLANTS CONSTITUTIONAL RIGHTS WERE VIOLATED BY AN EXPIRED PILOT PROGRAM WHICH PURPORT TO SUPERSEDE THE STATUTORY REQUIREMENTS OF §636(b)(l)(A).**

**THE PILOT PROGRAM NEVER CONFERRED ANY RIGHT TO THE MAGISTRATE TO ENTER ORDERS IN THIS CASE AND DID NOT SUPERSEDE THE STATUTORY REQUIREMENTS OF §636(b)(l)(A).**

Oral argument would not be needed to see the clear violation of 28 USC §636(b)(l)(A) relative to the assignment of a magistrate judge to a federal case by a clerk.

### *THE FOURTH ISSUE:*

**PLAINTIFFS WERE DENIED DUE PROCESS AND THE BASIC CONSTITUTIONAL RIGHT TO BE HEARD AND A FAIR TRIAL AT THE OUTSET.**

**ORDERS ENTERED BY A NON-JUDICIAL OFFICER RISES TO A LEVEL OF JUDICIAL MISCONDUCT AND VIOLATED PLAINTIFFS CONSTITUTIONAL RIGHTS TO A JURY TRIAL.**

### *THE FIFTH ISSUE:*

**DISMISSAL OF THE UNITED STATES PLAINTIFF AND THIS CASE BY THE MAGISTRATE ON JULY 21, 2015 WAS AN ABUSE OF DISCRETION & AND JUDICIAL MISCONDUCT.**

**THE MAGISTRATE JUDGE WAS NOT AUTHORIZED TO DISMISS THE UNITED STATES PLAINTIFF OR ENTER ORDERS IN THIS CASE AND THE MATTER SHOULD BE REMANDED DUE TO THIS MISCONDUCT.**

Oral argument is only requested to the extent, and in the event this court has any questions related to this appeal and matters which occurred in the lower court.

STATEMENT REGARDING ORAL ARGUMENT........................................................iii

TABLE OF CONTENTS .........................................................................................iv

INDEX OF AUTHORITIES .....................................................................................vi

STATUTES AND RULES........................................................................................viii

STATEMENT OF JURISDICTION..........................................................................xi

STATEMENT OF ISSUES ....................................................................................x

STATEMENT OF THE CASE  (STATEMENT OF FACTS)....................................1

Course of proceedings and disposition in the court below ....................................1

**A.** The ORIGINAL COMPLAINT by Alfred McZeal,  Mark S. Miller, Jamileh Miller, Matthew D. Haynie, Chai Misty Le, Nhut Huy Le, & Lofton Ryan Burris, (DOC #1) ·················1

**B.** THIS CIVIL CASE WAS INITIALLY ASSIGNED TO THE HONORABLE JUDGE JOHN L. KANE & MAGISTRATE JUDGE KRISTEN L. MIX ON 06/30/2015 AND WAS REASSIGNED BY THE CLERK (Doc #2) ··················1

**C.** SUMMONS By The Office Clerk & REASSIGNMENT MEMORANDUM WAS BUT NO REFERRAL ORDER WAS ISSUED PURSUANT TO 28 U.S.C. §636(b)(I)(A) ·················2

**D.** CASE REASSIGNED. PURSUANT TO A PILOT'S PROGRAM TO WITH MAGISTRATE JUDGE MICHAEL J. WATANABE ACTING AS MAGISTRATE JUDGE ··················2

**E.** CASE REASSIGNED. PURSUANT TO A PILOT'S PROGRAM TO WITH MAGISTRATE JUDGE MICHAEL J. WATANABE PRESIDING AS DISTRICT JUDGE ··················3

**F.** THE ORDER SETTING STATUS CONFERENCE.FOR 7/21/2015 10:30 AM BY NON REFERRED MAGISTRATE JUDGE MICHAEL J. WATANABE ON 6/30/2015. ··················3

**G.** NO REFERRAL UNDER WAS ISSUED PURSUANT TO 28 U.S.C. § 636(b)(I)(A)  HAD BEEN MADE TO MAGISTRATE JUDGE MICHAEL J. WATANABE AS OF JULY 21, 2015 ··················4

**H.** The "Gruesome Hearing" HELD ON JULY 21, 2015 BEFORE MAGISTRATE Michael WATANABE  - (THIS HEARING WAS NOT RECORDED) ··················4

**I.** AFTER EXTENSIVELY DRILLING & QUIZZING THE PLAINTIFF'S ON PAST LAWSUITS  IMPROPER THREATS WERE MADE BY THE MAGISTRATE ··················5

**J.** COURTROOM MINUTES/MINUTE ORDER ENTERED BY MICHAEL J WATANABE - THESE ORDERS WERE ENTERED WITHOUT A REFERRAL UNDER 28 U. S. C. §636(b)(I)(A) DISMISSING USA AS A PLAINTIFF ··················5

**K.** MAGISTRATE ORDER DISMISSING THE UNITED STATES AS PLAINTIFF AND THAT "No defendant shall file an Answer to the Complaint" (Judicial Misconduct) ··················6

**L.** THE ORDER REFERRING CASE TO MAGISTRATE JUDGE MICHAEL J. WATANABE ON 07/29/2015 LONG AFTER (Doc #53) - THE OFFICIAL REFERRAL OF A MAGISTRATE ··················6

**M.** THE MAGISTRATE UNSERVED REPORT & RECOMMENDATION; ORDER ADOPTING AUGUST 27, 2015 & FINAL JUDGMENT SIGNED BY THE CLERK OF COURT ··················6

# INDEX OF AUTHORITIES

## FEDERAL CASES

Page No(s))

*Catlin v. United States*..................................................................*Page xi*
*324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)*

*Ex parte Rowland (1882)*.......................................................... 10
*104 U.S. 604, 26 L.Ed.861*

*Earle v McVeigh*.......................................................................... 16
*91 US 503, 23 L Ed 398.*

*Gilbert* ......................................................................................... 18
*989 F.2d at 403*

*Hanson v Denckla*....................................................................... 12
*357 US 235, 2 L Ed 2d 1283, 78 S Ct 1228.d*

*Jordon v. Gilligan* ....................................................................... 16
*500 F.2d 701, 710 (6th Cir. 1974*

*Kalb v. Feuerstein*....................................................................... 10
*(1940) 308 US 433, 60 S Ct 343, 84 L ed 370*

*Lubben v. Selective Service System Local Bd. No. 27*.................... 16
*453 F.2d 645 (1st Cir. 1972*

*McDonald v. Mabee*..................................................................... 14
*(1917) 243 US 90, 37 Sct 343, 61 L ed 608.*

*Harman v. Apfel*........................................................................... 7
*211 F.3d 1172, 1174 (9th Cir. 2000)*

# INDEX OF AUTHORITIES

## FEDERAL CASES

Page No(s))

*Holly D. v. California Inst. of Tech*.......................................................... 7
*339 F.3d 1158, 1180 n.27 (9th Cir. 2003)*


*Navellier v. Sletten* ....................................................................... 7
*262 F.2d 923, 944 (9th Cir. 2001).*


*Pitney Bowes, Inc. v. Mestre*........................................................... xi
*701 F.2d 1365, 1368 (11th Cir. 1983)*


*Prather v Loyd,*............................................................................ 12
*86 Idaho 4382 P2d 910...*


*Pennoyer v. Neff (1877)*................................................................ 14
*95 US 714, 24 L ed 565*


*Pau v. Yosemite Park and Curry Co*................................................ 18
*928 F.2d 880, 885 (9th Cir. 1991)*

## STATUE AND RULES

### FEDERAL CASES

Page No(s))

*28 USC §636(b)(l)(A)*.................................................*iii, iv, v, x, 2, 3, 4, 5, 6, 8, 9,* 10, 13, 14, 19

*28 USC §636(b)(l)(B)*.............................................................. 17

*28 U.S.C. § 1291*.................................................................... xi

*31 U.S.C. §3729-3733*............................................................. 1

*18 U.S.C. §1961 et seq.*........................................................... 1

*15 U.S.C §1961 et seq.*............................................................. 1

*1 Freeman on Judgments, 120c.*.............................................. 16

*Fed.R.Civ.P. 72(a) and (b)*....................................................... 17

*wanton misconduct. (1844)*...................................................... 18

*Negligence 275. (citing Black's law dictionary 9th Edition)*.............................. 18

# TABLE OF CONTENTS

STANDARD OF REVIEW........................................................................…..…...7

**The Standard of Review for an order dismissing the case is  for Abuse of
Discretion, Clearly Erroneous Standard & Judicial Misconduct Standard**

SUMMARY OF THE ARGUMENT..........................................................…..........8

The orders entered in this case are null and void from the very outset because these were
entered by a person or magistrate who was simply not authorized to conduct hearings
under the federal magistrate act and/or pursuant to 28 USC §636(b)(l)(A).     The case
represents an extreme departure from the federal rules of civil procedure and should be
remanded because there is clear and convincing errors which appear on the face of the
record which suggest that judicial misconduct has occured in the case and appellant's due
process rights have been violated by improper court procedures and the deprivation of an
Article lll judge.

ARGUMENT AND AUTHORITIES...............................................................8

**POINT OF ERROR ONE:** THE ORDERS AND FINAL JUDGMENT IN THIS CASE
ARE NULL AND VOID AND SHOULD BE VACATED. ...9

**POINT OF ERROR TWO:** A STAY OF THE PROCEEDINGS BY THE
MAGISTRATE WAS AN ABUSE OF DISCRETION &  ....11
ABUSE OF POWER.

**POINT OF ERROR THREE:** APPELLANTS CONSTITUTIONAL RIGHTS WERE
VIOLATED BY AN EXPIRED PILOT PROGRAM WHICH  ....13
PURPORT TO SUPERSEDE THE STATUTORY
REQUIREMENTS OF §636(b)(l)(A).

**POINT OF ERROR  FOUR:** PLAINTIFFS WERE DENIED DUE PROCESS AND THE
BASIC  CONSTITUTIONAL RIGHT TO BE HEARD  ....15
AND A FAIR TRIAL AT THE OUTSET.

**POINT OF ERROR  FIVE:** DISMISSAL OF THE UNITED STATES PLAINTIFF AND
THIS CASE BY THE MAGISTRATE ON JULY 21, 2015 WAS ...17
AN ABUSE OF DISCRETION & AND JUDICIAL
MISCONDUCT.

CONCLUSION & PRAYER.......................................................................…..19

CERTIFICATE OF SERVICE .........................................................................20

CERTIFICATE OF COMPLIANCE...............................................................…..21

# STATEMENT OF JURISDICTION

## THE COURT OF APPEALS FOR THE TENTH CIRCUIT

This court has jurisdiction pursuant to 28 U.S.C. § 1291 (appeals from final judgment): Final orders and judgments of district courts are generally are appealable.

A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983) (citing Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)).

ALFRED MCZEAL, MATTHEW D. HAYNIE, NHUT H.
LE, CHAI M LE, LOFTON RYAN BURRIS VS  **OCWEN LOAN SERVICING, LLC**                    *Case Number:15-1388*

---

## STATEMENT OF ISSUES

**ISSUE 1:** THE ORDERS AND FINAL JUDGMENT IN THIS CASE ARE NULL AND VOID AND SHOULD BE VACATED.

**ISSUE 2:** A STAY OF THE PROCEEDINGS BY THE MAGISTRATE WAS AN ABUSE OF DISCRETION & ABUSE OF POWER.

**ISSUE 3:** APPELLANTS CONSTITUTIONAL RIGHTS WERE VIOLATED BY AN EXPIRED PILOT PROGRAM WHICH PURPORT TO SUPERSEDE THE STATUTORY REQUIREMENTS OF §636(b)(I)(A).

**ISSUE 4:** PLAINTIFFS WERE DENIED DUE PROCESS AND THE BASIC CONSTITUTIONAL RIGHT TO BE HEARD AND A FAIR TRIAL AT THE OUTSET.

**ISSUE 5:** DISMISSAL OF THE UNITED STATES PLAINTIFF AND THIS CASE BY THE MAGISTRATE ON JULY 21, 2015 WAS AN ABUSE OF DISCRETION & AND JUDICIAL MISCONDUCT.

ALFRED MCZEAL, MATTHEW D. HAYNIE, NHUT
H. LE, CHAI M LE, LOFTON RYAN BURRIS **VS** OCWEN LOAN SERVICING, LLC                *Case Number: 15-1388*

## STATEMENT OF THE CASE (STATEMENT OF FACTS)

### Course of proceedings and disposition in the court below :

### A.

### The ORIGINAL COMPLAINT by Alfred McZeal, Mark S. Miller, Jamileh Miller, Matthew D. Haynie, Chai Misty Le, Nhut Huy Le, & Lofton Ryan Burris, (DOC #1)

The original complaint was styled as a civil rights/class action complaint and was filed on June 29, 2015 and brought by seven PRO SE plaintiffs: Alfred McZeal, Mark S. Miller, Jamileh Miller, Matthew D. Haynie, Chai Misty Le, Nhut Huy Le, & Lofton Ryan Burris ("Plaintiffs"), against twenty three (23) defendants. including OCWEN LOAN SERVICING, and the entities named in the caption of this application ("Defendants"). The United States of America (USA) was also included as a plaintiff in the filing of the original complaint as a claims under 31 U.S.C. §3729-3733. This plaintiff was summarily dismissed by the magistrate during a "status conference" held on July 21, 2015, one day before all defendants were required to answer the complaint.

### B.

### THIS CIVIL CASE WAS INITIALLY ASSIGNED TO THE HONORABLE JUDGE JOHN L. KANE & MAGISTRATE JUDGE KRISTEN L. MIX ON 06/30/2015 AND WAS REASSIGNED BY THE CLERK (Doc #2)

The complaint, contained twenty three (23) causes of action, including claims for FRAUD, Securities Fraud, Bank Fraud, Money Laundering, theft of real properties, illegal predatory practices, in connection with seven properties owned by the plaintiffs in trust. A claim under the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §1961 et seq), and by Fair Debt Collections Practices Act (15 U.S.C §1961 et seq).

This case was originally assigned to the Honorable John L. Kane (Senior Judge) and Magistrate Judge Kristen L. Mix (See Doc #2) The case was later reassigned.

# STATEMENT OF FACTS
## C.

### SUMMONS By The Office Clerk & REASSIGNMENT MEMORANDUM WAS BUT NO REFERRAL ORDER WAS ISSUED PURSUANT TO 28 U.S.C. §636(b)(l)(A)

The clerk of court issued twenty three (23) summons in the case against each defendant named in the caption of the suit.

### SERVICE OF THE COMPLAINT

According to the record, all the defendants including OCWEN LOAN SERVICING, LLC had been served according to the Federal Rules of Civil Procedure on July 2, 2015. (doc #33). All of these defendants, including OCWEN LOAN SERVICING, LLC defaulted .

### REASSIGNMENT OF SENIOR JUDGE KANE

On the same day the case commenced, Judge John L Kane in a reassignment Memorandum exercised his prerogative as a Senior Judge to have the case reassigned, and this case was in fact reassigned. (See Doc #3).    The case was reassigned, but was not actually assigned to another District Judge at this time.

## D.
### CASE REASSIGNED. PURSUANT TO A PILOT'S PROGRAM TO WITH MAGISTRATE JUDGE MICHAEL J. WATANABE ACTING AS MAGISTRATE JUDGE

In a memorandum dated 6/30/2015 the case was purportedly reassigned to magistrate judge Michael J. Watanabe pursuant to a so called "Pilot Program". (rec @ 6/30/15) The documentation of this Pilot Program suggested that this "Pilot Program" was an expired abandoned, and failed program, which had never been successfully implemented in the District.  Thus, the purported assignment to Magistrate Judge Micahel J. Watanabe  was based merely on this expired and failed Pilot Program.

It i very important to note at this point that no real referral was made by the District Court appointing Magistrate Watanabe pursuant to 28 U. S. C. §636(b)(l)(A).

ALFRED MCZEAL, MATTHEW D. HAYNIE, NHUT
H. LE, CHAI M LE, LOFTON RYAN BURRIS  VS  OCWEN LOAN SERVICING, LLC          *Case Number: 15-1388*

## STATEMENT OF FACTS

### E.

### CASE REASSIGNED. PURSUANT TO A PILOT'S PROGRAM TO WITH MAGISTRATE JUDGE MICHAEL J. WATANABE PRESIDING AS DISTRICT JUDGE

Although no consent was given, and no referrals had been made pursuant to 28 U.S.C. § 636(b)(l)(A). This Magistrate judge took immediate jurisdiction of the case, and masqueraded as a United States Judge District Judge or Article III judge. He started entering orders in the case, and also ordered a so called "status conference", for July 21, 2015, for which only the Colorado plaintiff appeared.

This same magistrate "judge" sent out Consent forms to the pro se parties. It is very important to note at this point also that no consent was actually obtained and still no real referral had been made by the District Court appointing Magistrate Watanabe pursuant to 28 U.S.C. §636(b)(l)(A) until 7/29/2015 (after he entered the unlawful orders) Consent was not given, prior to this date and no referrals were made by the district court.

### F.

### THE ORDER SETTING STATUS CONFERENCE.FOR 7/21/2015 10:30 AM BY NON REFERRED MAGISTRATE JUDGE MICHAEL J. WATANABE ON 6/30/2015.

Needless to say, at this point in the proceeding magistrate judge Wantanabe was acting in his personal capacity and not his capacity as a magistrate judge. Indeed at this point no consent was given to him by any party, and no real referrals had been made pursuant to the congressional provisions of 28 U. S. C. §636(b)(1)(A), and he was certainly was not acting in his official capacity as a properly appointed magistrate, because the United States District Court had not yet made any such referral to him.

Notwithstanding, this magistrate proceeded to take jurisdiction and scheduled a "status conference" that as we will see, was later used for improper purposes.

ALFRED MCZEAL, MATTHEW D. HAYNIE, NHUT
H. LE, CHAI M LE, LOFTON RYAN BURRIS  VS  OCWEN LOAN SERVICING, LLC          *Case Number: 15-1388*

# STATEMENT OF FACTS
## G.

### NO REFERRAL UNDER WAS ISSUED PURSUANT TO 28 U.S.C. § 636(b)(l)(A)  HAD BEEN MADE TO MAGISTRATE JUDGE MICHAEL J. WATANABE AS OF JULY 21, 2015

As of the very day of the status conference held on July 21, 2015, Magistrate Michael Watanabe was still not referred by the United States District Court as required by 28 U.S.C. §636(b)(l)(A) and at this point in the proceedings was still acting in his personal capacity, and not his official capacity as a magistrate judge.

Additionally, at the status conference held on July 21, 2015 no party consented to a magistrate judge, including Magistrate Michael Watanabe. Notwithstanding his inability to act as a Magistrate, Michael Watanabe continued to mimic an Article III judge and made orders from the bench.   As will be discussed in these proceedings this is problematic because Michael Watanabe is not authorized to conduct hearings authorized under 28 U. S. C. §636(b)(1)(A) because he was clearly not referred at this point.

## H.
### The "Gruesome Hearing" HELD ON JULY 21, 2015 BEFORE MAGISTRATE Michael WATANABE  - (THIS HEARING WAS NOT RECORDED)

In a memorandum dated 6/30/2015 magistrate judge Michael J. Watanabe  ORDERED all parties to appear at a "Status Conference".   Three (3) of the Colorado plaintiffs appeared at this hearing: Mark S. Miller, Jamileh Miller and Matthew D. Haynie.  Seven (7) unknown, and unannounced attorneys also appeared who appeared to be well briefed beforehand by Michael Watanabe. regarding this hearing can only be classified as dark "gruesome", hearing because although classified as a "status conference", not one of these attorney made an appearance  in accordance with local rule or filed an entry of appearance.

In short, it appeared that this hearing  was made for improper purposes as plaintiffs were threaten with sanctions.

## STATEMENT OF FACTS
### I.
### AFTER EXTENSIVELY DRILLING & QUIZZING THE PLAINTIFF'S ON PAST LAWSUITS  IMPROPER THREATS WERE MADE BY THE MAGISTRATE

During this hearing, the magistrate and seven (7) unknown lawyers who failed to identify themselves participated in an long question and 'quizzing' sequence to the plaintiffs regarding past lawsuits filed which were unrelative to the current proceedings.

These proceedings were not recorded, nor did there appear to be any formal courtroom stenographers present to record the events of this hearing.

### J.
### COURTROOM MINUTES/MINUTE ORDER ENTERED BY MICHAEL J WATANABE - THESE ORDERS WERE ENTERED WITHOUT A REFERRAL UNDER 28 U. S. C. §636(b)(I)(A) DISMISSING USA AS A PLAINTIFF

The only known record of this hearing is the minutes order entered by magistrate Mr. Watanabe.

Amongst the seven (7) "invisible" lawyers, there also appeared one person identified as Ms. "X' (for lack of name provided)  who claim to be the United States Attorney, or a representative of the United States Attorney office who indicated "for the record" that she did not mind if the United States would be dismissed from the suit as a plaintiff.  Based  upon this representation, the magistrate judge and the invisible attorney(s) agreed that the United States should and would be dismissed as a plaintiff.

ALFRED MCZEAL, MATTHEW D. HAYNIE, NHUT
H. LE, CHAI M LE, LOFTON RYAN BURRIS  VS  OCWEN LOAN SERVICING, LLC       *Case Number: 15-1388*

## STATEMENT OF FACTS

### K.

### MAGISTRATE ORDER DISMISSING THE UNITED STATES AS PLAINTIFF AND THAT "No defendant shall file an Answer to the Complaint" (Judicial Misconduct)

There exist a peculiarity, and irregularity in this case whereby seven (7) attorneys met in the courtroom that day, but none of which appeared for the record in this matter.  These same attorneys participated during the hearings, had the same documents that Mr. Watanabe had, yet their names do not appear on the magistrate order of July 21, 2015.  The magistrate judge and these attorneys appeared to be operating as one unit.   At about this time the Mr. Watanabe order a stay of the proceedings that no defendant should file an answer to the complaint.

### L.

### THE ORDER REFERRING CASE TO MAGISTRATE JUDGE MICHAEL J. WATANABE ON 07/29/2015 LONG AFTER (Doc #53) - THE OFFICIAL REFERRAL OF A MAGISTRATE

It was apparent that the magistrate judge and these private attorneys had met in private prior to the hearing scheduled for July 21, 2015, as all appeared to have the same documentation on the plaintiff's prior lawsuits.  It is to be noted at this time, that the magistrate's order of July 21, 2015 ordered, inter alia, dismissal of the United States and several other substantive order that adversely affected these proceedings... all done without being referred by a United States District court pursuant to 28 USC §636(b)(l)(A).

### M.

### THE MAGISTRATE UNSERVED REPORT & RECOMMENDATION; ORDER ADOPTING AUGUST 27, 2015  & FINAL JUDGMENT SIGNED BY THE CLERK OF COURT

According to the record, the magistrate issued a report &  recommendation that the case be dismissed.  However, this report was never served on the parties and there is no indication in the record that the report  actually served on any of the plaintiffs and thus no objections had been filed by any of the parties.  The court adopted the report on August 27 2015. The final judgment was entered in the case but signed by a clerk.  A timely notice of appeal was filed on 10/14/2015 (doc #76).

# STANDARD OF REVIEW

## The Standard of Review for an order dismissing the case is  for Abuse of Discretion, Clearly Erroneous Standard & Judicial Misconduct Standard

Decisions by judges are traditionally divided into three categories, denominated questions of law (reviewable de novo), questions of fact (reviewable for clear error), and matters of discretion (reviewable for abuse of discretion)".  See Harman v. Apfel, 211 F.3d 1172, 1174 (9th Cir. 2000) ).

When a mixed question of law and fact is presented, the standard of review turns on whether factual matters or legal matters predominate.  See id.; see also Holly D. v. California Inst. of Tech., 339 F.3d 1158, 1180 n.27 (9th Cir. 2003) (noting court would apply different standards of review depending on the district court's intention); Navellier v. Sletten, 262 F.3d 923, 944 (9th Cir. 2001) (noting the "standard of review on appeal . . . depends on the nature of the claimed error.").

ALFRED MCZEAL, MATTHEW D. HAYNIE, NHUT
H. LE, CHAI M LE, LOFTON RYAN BURRIS **VS  OCWEN LOAN SERVICING, LLC**                    *Case Number: 15-1388*

# SUMMARY OF THE ARGUMENT

The orders entered in this case are null and void from the very outset because these were entered by a person or magistrate who was simply not authorized to conduct hearings under the federal magistrate act and/or pursuant to 28 USC §636(b)(l)(A).    The case represents an extreme departure from the federal rules of civil procedure and should be remanded because there is clear and convincing errors which appear on the face of the record which suggest that judicial misconduct has occured in the case and appellant's due process rights have been violated by improper court procedures and the deprivation of an Article III judge.

## THE ORDERS AND FINAL JUDGMENT IN THIS CASE ARE NULL AND VOID AND SHOULD BE VACATED.

THE MAGISTRATE JUDGE WAS NOT AUTHORIZED  TO ENTER ORDERS IN THIS CASE AND WAS NOT PROPERLY REFERRED PURSUANT TO THE PROVISIONS OF 28 U.S.C §636(b)(l)(A)

## A STAY OF THE PROCEEDINGS BY THE MAGISTRATE WAS AN ABUSE OF DISCRETION & ABUSE OF POWER.

THE CASE SHOULD BE REMANDED BECAUSE THE MAGISTRATE WAS

CLEARLY NOT AUTHORIZE TO STAY THESE PROCEEDINGS.

## APPELLANTS CONSTITUTIONAL RIGHTS WERE VIOLATED BY AN EXPIRED PILOT PROGRAM WHICH PURPORT TO SUPERSEDE THE STATUTORY REQUIREMENTS OF §636(b)(l)(A).

THE PILOT PROGRAM NEVER CONFERRED ANY RIGHT TO THE MAGISTRATE TO ENTER ORDERS IN THIS CASE AND DID NOT SUPERSEDE THE STATUTORY REQUIREMENTS OF §636(b)(l)(A).

## PLAINTIFFS WERE DENIED DUE PROCESS AND THE BASIC CONSTITUTIONAL RIGHT TO BE HEARD AND A FAIR TRIAL AT THE OUTSET.

### ORDERS ENTERED BY A NON-JUDICIAL OFFICER RISES TO A LEVEL OF JUDICIAL

### MISCONDUCT AND VIOLATED PLAINTIFFS CONSTITUTIONAL RIGHTS TO A JURY TRIAL.

## DISMISSAL OF THE UNITED STATES PLAINTIFF AND THIS CASE BY THE MAGISTRATE ON JULY 21, 2015 WAS AN ABUSE OF DISCRETION & AND JUDICIAL MISCONDUCT.

THE MAGISTRATE JUDGE WAS NOT AUTHORIZED  TO DISMISS THE UNITED STATES PLAINTIFF OR ENTER ORDERS IN THIS CASE AND THE MATTER SHOULD BE REMANDED DUE TO THIS MISCONDUCT.

ALFRED MCZEAL, MATTHEW D. HAYNIE, NHUT
H. LE, CHAI M LE, LOFTON RYAN BURRIS **VS  OCWEN LOAN SERVICING, LLC**          *Case Number: 15-1388*

# ARGUMENT AND AUTHORITIES
## POINT OF ERROR <u>ONE</u>:

### <u>THE ORDERS AND FINAL JUDGMENT IN THIS CASE ARE NULL AND VOID AND SHOULD BE VACATED.</u>

THE MAGISTRATE JUDGE WAS NOT AUTHORIZED  TO ENTER ORDERS IN THIS CASE AND WAS NOT PROPERLY REFERRED PURSUANT TO THE PROVISIONS OF 28 U.S.C §636(b)(l)(A)

In these proceedings it is uncontroverted that Mr. Michael Wantanabe was not actually authorized to conduct the proceedings or make orders in this case such as what happened here. It is paramount to note here that as July 21, 2015, no actual referral had been made as required by 28 USC §636(b)(l)(A) at the time these order were entered by Mr. Watanabe.

Equally important is the undisputed fact that, there was no consent by any of the plaintiffs/appellants to have a magistrate judge preside over these hearings and that fact was made known orally at the proceeding on July 21, 2015, and by the filing of non-consent forms to have a magistrate judge preside over these proceedings in this case.

Considering these factors it is clear here that "magistrate" Michael Watanabe was acting in his personal capacity, and not his official capacity, and as such any order entered under these circumstances is VOID, and may be set aside, and have no real legal effect since this magistrate judge was not in any manner authorized to exclusively preside over the matters in this case.

Based upon this premise, it is clear here that Mr. Watanabe was not authorized to act as a magistrate under the Federal Magistrate Act.  It is also clear here that the due process rights of plaintiffs/appellants with respect to having an authorize person and judicial officer preside over the proceedings, and fundamental constitutional statutes  have been violated. Thus, the order entered are null and void because Mr. Watanabe was not authorized to conduct these hearings. On this issue alone, this court may vacate the judgment and remand the case.

# ARGUMENT AND AUTHORITIES
## POINT OF ERROR <u>ONE</u>: (CONTINUED)

### <u>THE ORDERS AND FINAL JUDGMENT IN THIS CASE ARE NULL AND VOID AND SHOULD BE VACATED.</u>

### MR. WATANABE ACTED IN HIS PERSONAL CAPACITY AND WAS NOT AUTHORIZED TO ACT AS A FEDERAL MAGISTRATE IN THIS CASE

The Federal Magistrate Act of 1979 (Act) empowers full-time magistrate judges to conduct "any or all proceedings in a jury or non-jury civil matter and order the entry of judgment in the case," as long as they are "specially designated ... by the district court" and acting with "the consent of the parties." 28 U. S. C. §636(b)(l)(A).  However, Mr. Watanabe was not "specially designated... by the district court when he entered substantive orders in this case.

Moreover, no consent of any of the parties under 28 U.S.C. §636(b)(l)(A) had been obtained from any the parties.  Thus it follows here that these orders were entered by a magistrate who was clearly acting in his personal capacity, unreferred, not consented  to and thus unauthorized.

A judgment of a court without hearing the party or giving him an opportunity to be heard is not a judicial determination of his rights. Sabariego v Maverick, 124 US 261, 31 L Ed 430, 8 S Ct 461, and is not entitled to respect in any other tribunal.

A void judgment does not create any binding obligation. Federal decisions addressing void state court judgments include Kalb v. Feuerstein (1940) 308 US 433, 60 S Ct 343, 84 L ed 370; Ex parte Rowland (1882) 104 U.S. 604, 26 L.Ed.861. Thus, the judgment was not entered by an authorized judicial officer and should be vacated in its entirety.

Appellate Case: 15-1388    Document: 01019558421    Date Filed: 01/21/2016    Page: 21

ALFRED MCZEAL, MATTHEW D. HAYNIE, NHUT
H. LE, CHAI M LE, LOFTON RYAN BURRIS  **VS  OCWEN LOAN SERVICING, LLC**          *Case Number: 15-1388*

## ARGUMENT AND AUTHORITIES
## POINT OF ERROR <u>TWO</u>:

### <u>A STAY OF THE PROCEEDINGS BY THE MAGISTRATE WAS AN ABUSE OF DISCRETION & ABUSE OF POWER.</u>

THE CASE SHOULD BE REMANDED BECAUSE THE MAGISTRATE WAS

CLEARLY NOT AUTHORIZE TO STAY THESE PROCEEDINGS.

In the July 21, 2015 unauthorized status conference, the magistrate ordered that the proceedings be stayed and no defendant shall be required to answering.

The actual answer from all defendants were due on this day, but not a single one of them made a timely appearance, even after being served.

As previously noted, Mr. Watanabe was not authorized to conduct these proceedings and certainly not free to overide the Federal Rules of Civil Procedure which mandated a response within twenty (21) days. At this point in the proceedings,  Mr. Watanabe was acting in his personal capacity, and certainly had no capacity at this point to act as a magistrate judge.  Even if it could be argued that Mr. Watanabe was acting as an official magistrate judge, he was still not empowered to stay these proceedings especially when no defendant had filed an answer and was required to do so.

Staying these proceedings on the day when answers are due is simply an abuse of discretion, and a raw abuse of power, especially by an officer who has not been appointed or referred by the court.

These order are unconstitutional and thus unenforceable and should be vacated in their entirety because this action has prejudiced the plaintiffs/appellants in this case. This was wanton judicial misconduct and this final judgment should be set aside.

## ARGUMENT AND AUTHORITIES
## POINT OF ERROR <u>TWO</u>: (CONTINUED)

### <u>A STAY OF THE PROCEEDINGS BY THE MAGISTRATE WAS AN ABUSE OF DISCRETION & ABUSE OF POWER.</u>

A judgment may not be rendered in violation of constitutional protections. The validity of a judgment may be affected by a failure to give the constitutionally required due process notice and an opportunity to be heard. Earle v. McVeigh, 91 US 503, 23 L Ed 398. See also Restatements, Judgments ' 4(b). Prather v Loyd, 86Idaho 45, 382 P2d 910.

The limitations inherent in the requirements of due process and equal protection of the law extend to judicial as well as political branches of government, so that a judgment may not be rendered in violation of those constitutional limitations and guarantees. Hanson v Denckla, 357 US 235, 2 L Ed 2d 1283, 78 S Ct 1228.d

The judgment staying the proceedings in this case by a magistrate that was not authorized or referred by the district court in invalid and should be vacate in its entirety and the case remanded for further proceedings.

# ARGUMENT AND AUTHORITIES
## POINT OF ERROR <u>THREE</u>:

### <u>APPELLANTS CONSTITUTIONAL RIGHTS WERE VIOLATED BY AN EXPIRED PILOT PROGRAM WHICH PURPORT TO SUPERSEDE THE STATUTORY REQUIREMENTS OF §636(b)(l)(A).</u>

THE PILOT PROGRAM NEVER CONFERRED ANY RIGHT TO THE MAGISTRATE TO ENTER ORDERS IN

THIS CASE AND DID NOT SUPERSEDE THE STATUTORY REQUIREMENTS OF §636(b)(l)(A).

The magistrate was initially assigned to this case by an order of the clerk relative to a pilot program. This assignment however had no effect because the pilot program for which the magistrate was referred did not confer any right any orders in this case.

The pilot program as used in this instance had no effect and did not supercede the statutory provisions of 28 U.S.C. §636(b)(l)(A) which require that magistrate judges be referred by the district court.

In this case, the plaintiff/appellants had the right to an Article III judge to preside over the hearings. but that right was denied.

There were no provision for this pilot program in the Federal Rules of Civil Procedure, and moreover, this program appear to have been outdated and expired and the assignment of this magistrate using this outdated pilot's program exceeded the jurisdiction of the court, and was certainly not within the normal jurisdiction of this court.

There was simply no jurisdiction to the court to the extent magistrate was assigned via this pilots program and allowing this order to confer jurisdiction to a magistrate was beyond the powers of the court in this instance.

## ARGUMENT AND AUTHORITIES
## POINT OF ERROR <u>THREE</u>: (CONTINUED)
## <u>APPELLANTS CONSTITUTIONAL RIGHTS WERE VIOLATED BY AN</u>
## <u>EXPIRED PILOT PROGRAM WHICH PURPORT TO SUPERSEDE THE</u>
## <u>STATUTORY REQUIREMENTS OF §636(b)(l)(A).</u>

An order that exceeds the jurisdiction of the court is void, and can be attacked in any proceeding in any court where the validity of the judgment comes into issue. (See Rose v. Himely (1808) 4 Cranch 241, 2 L ed 608; Pennoyer v. Neff (1877) 95 US 714, 24 L ed 565; Thompson v. Whitman (1873) 18 Wall 457, 21 l ED 897; Windsor v. McVeigh (1876) 93 US 274, 23 L ed 914; McDonald v. Mabee (1917) 243 US 90, 37 Sct 343, 61 L ed 608.

In this case, the pilot program clearly gave way to the assignment of the magistrate judge, but this was a severe flaw which has prejudiced the proceedings and violated the federal rules of civil procedure as they relate to the assignment of magistrate judges.

Accordingly, the final judgment should be vacate and the case remanded for further proceedings.

## ARGUMENT AND AUTHORITIES
## POINT OF ERROR <u>FOUR</u>:
## <u>PLAINTIFFS WERE DENIED DUE PROCESS AND THE BASIC CONSTITUTIONAL RIGHT TO BE HEARD AND A FAIR TRIAL AT THE OUTSET.</u>

## ORDERS ENTERED BY A NON-JUDICIAL OFFICER RISES TO A LEVEL OF JUDICIAL MISCONDUCT AND VIOLATED PLAINTIFFS CONSTITUTIONAL RIGHTS TO A JURY TRIAL.

As already demonstrated, these proceedings deprived the plaintiffs/appellants for a fair trial at the very outset.

As already pointed out, A judgment may not be rendered in violation of constitutional protections. The validity of a judgment may be affected by a failure to give the constitutionally required due process notice and an opportunity to be heard. Earle v. McVeigh, 91 US 503, 23 L Ed 398. See also Restatements, Judgments ' 4(b). Prather v Loyd, 86 Idaho 45, 382 P2d 910.

A void judgment is not entitled to the respect accorded a valid adjudication, but may be entirely disregarded, or declared inoperative by any tribunal in which effect is sought to be given to it. It is attended by none of the consequences of a valid adjudication. It has no legal or binding force or efficacy for any purpose or at any place. ... It is not entitled to enforcement ... All proceedings founded on the void

judgment are themselves regarded as invalid. 30A Am Jur Judgments " 44, 45.

It is a fundamental doctrine of law that a party to be affected by a personal judgment must have his day in court, and an opportunity to be heard. Renaud v. Abbott, 116 US 277, 29 L Ed 629, 6 S Ct 1194.

## ARGUMENT AND AUTHORITIES
## POINT OF ERROR <u>FOUR</u>: (CONTINUED)

### <u>PLAINTIFFS WERE DENIED DUE PROCESS AND THE BASIC CONSTITUTIONAL RIGHT TO BE HEARD AND A FAIR TRIAL AT THE OUTSET.</u>

Every person is entitled to an opportunity to be heard in a court of law upon every question involving his rights or interests, before he is affected by any judicial decision on the question. Earle v McVeigh, 91 US 503, 23 L Ed 398.

"If a court grants relief, which under the circumstances it hasn't any authority to grant, its judgment is to that extent void." (1 Freeman on Judgments, 120c.) "A void judgment is no judgment at all and is without legal effect." (Jordon v. Gilligan, 500 F.2d 701, 710 (6th Cir. 1974) "a court must vacate any judgment entered in excess of its jurisdiction." (Lubben v. Selective Service System Local Bd. No. 27, 453 F.2d 645 (1st Cir. 1972).

The procedures held in open court in this case were all inconsistent, and an extreme departure from the Federal Rules Of Civil Procedure.

As such plaintiff/appellants were clearly denied due process, the right to a valid judicial officer, and this warrants that the final judgment be vacated, and the case remanded to the United States District Court.

# ARGUMENT AND AUTHORITIES
# POINT OF ERROR <u>FIVE</u>:

## <u>DISMISSAL OF THE UNITED STATES PLAINTIFF AND THIS CASE BY THE MAGISTRATE ON JULY 21, 2015 WAS AN ABUSE OF DISCRETION & AND JUDICIAL MISCONDUCT.</u>

## <u>THE MAGISTRATE JUDGE WAS NOT AUTHORIZED  TO DISMISS THE UNITED STATES PLAINTIFF OR ENTER ORDERS IN THIS CASE AND THE MATTER SHOULD BE REMANDED DUE TO THIS MISCONDUCT.</u>

DISMISSAL OF THE UNITED STATES PLAINTIFFS

On July 21, 2015 during the status conference, the magistrate judge entered a bench order dismissing the United States of America plaintiff from the case.  This was done on the sole basis of the magistrates's whim, but this was a gross abuse of power.

In the first instance, the purported "status conference" that was scheduled one day before the answer was due was obviously arranged for the sole purpose of abuse of the plaintiffs and to sabotage this case.  This hearing was nothing more than a sham, and raw abuse of power, leading to judicial misconduct in this case.

In the second instance Mr. Watanabe who acted in his personal capacity had no such authority to summarily dismiss the United  States as plaintiff from this case and this act constituted both an abuse of discretion, and an abuse of power.

Even to the extent that Mr. Watanabe was acting in his official capacity as magistrate, he was not authorized by law to summarily dismiss the United States as plaintiff.  These acts complained of was nothing more that wanton misconduct by an individual who was not authorize to conduct hearings in this matter.

On July 29, 2015, the court finally issued an order ORDER REFERRING CASE to Magistrate Judge Michael J. Watanabe. "Magistrate Judge Watanabe is designated to conduct ALL MTN proceedings pursuant to 28 U.S.C. § 636(b)(l)(A) and (B) and Fed.R.Civ.P. 72(a) and (b)" (doc #53) However, at this point in the litigation, the improper orders had already been issued and the harm done.

# ARGUMENT AND AUTHORITIES
## POINT OF ERROR FIVE: (CONTINUED)

### DISMISSAL OF THE UNITED STATES PLAINTIFF AND THIS CASE BY THE MAGISTRATE ON JULY 21, 2015 WAS AN ABUSE OF DISCRETION & AND JUDICIAL MISCONDUCT.

A trial Judge is given considerable discretion in determining the conduct of a trial, see Gilbert, 989 F.2d at 403, "the standard for reversal on the basis of judicial misconduct in a civil trial is quite high." Pau v. Yosemite Park and Curry Co., 928 F.2d 880, 885 (9th Cir. 1991). However, in this case, the reckless misconduct appears on the face of the record.

Black law dictionary defines "wanton misconduct" as follows:

wanton misconduct. (1844) An act, or a failure to act when there is a duty to do so, in reckless disregard of another's rights, coupled with the knowledge that injury will probably result. — Also termed wanton and reckless misconduct. [Cases: Negligence 275. (citing Black's law dictionary 9th Edition)

Judicial misconduct clearly occurred in this case because the act committed by Mr. Wantanabe would be considered unethical or otherwise violates the judge's obligations of impartial conduct.   In this case these actions included conduct prejudicial to the effective and expeditious administration of the business of the courts;   having improper discussions with parties or counsel for one side in a case; treating litigants or attorneys in a demonstrably egregious and hostile manner, such as what occurred on 7/21/2015; appearing without authority violating other specific, mandatory standards of judicial conduct, such as judicial rules of procedure or evidence,   and acting outside the jurisdiction of the court, or performance of official duties if the conduct might have a prejudicial effect on the administration of the business of the courts among reasonable people. Accordingly, the case should be remanded.

## CONCLUSION & PRAYER

**THE FINAL JUDGMENT ENTERED IN THE CASE IS VOID AS IT IS WHOLLY BASED UPON A SEQUENCE OF PRIOR IMPROPER ORDERS ISSUED BY A PERSON OR MAGISTRATE THAT WAS NOT AUTHORIZED TO CONDUCT PROCEEDINGS UNDER 28 USC 636(c)(1). THE JUDGMENT SHOULD THEREFORE BE VACATED IN ITS ENTIRETY AND THE CASE REMANDED FOR FURTHER PROCEEDINGS**

A review of the record in this matter conclusively demonstrates that the final judgment is based on a sequence of prior improper orders and actions entered by a magistrate judge that had not been referred by the United States District Court in accordance with the provisions of 28 USC 636(b)(1)(A). It is also uncontroverted that Mr. Watanabe entered these orders in his personal capacity and these orders exceed the court's jurisdiction and should thus be vacated. These were all abusive

The Report & Recommendation submitted for the court's review was clearly not served upon the plaintiffs/appellants in this case and there is no evidence on the record which would suggest this report was actually mailed to any of the parties in this case.

For all of the reasons stated herein, Appellants ALFRED MCZEAL, MATTHEW D. HAYNIE, NHUT H. LE, CHAI M LE, LOFTON RYAN BURRIS respectfully requests that this case be remanded to the United States District Court, ordering the entry of default judgment against parties who failed to respond and for all other relief this court deems just and proper in the interest of justice.

**Respectfully Submitted,**

Dated: _____January 15, 2016_____

ALFRED MCZEAL
WORLD WIDE WALKIE TALKIE
633 W. FIFTH ST. 26TH & 28TH FLOORS
LOS ANGELES, CA. 90071
PHONE: 832-623-4418

MATTHEW D. HAYNIE,
575 28 1/2 RD, SUITE #42
GRAND JUNCTION CO 81501
PHONE: 970-210-0855

NHUT H. LE
113 Roselawn Avenue East
Maplewood,MN 55117
Phone: 651-214-6274

CHAI M. LE,
113 Roselawn Avenue East
Maplewood,MN 55117
Phone:651-214-6274

LOFTON RYAN BURRIS
439 East 246th Place
Carson, CA 90745-6534
Phone: 310.834.6621

# PROOF OF SERVICE

I hereby certify that the foregoing **BRIEF OF APPELLANT**, has been

filed in office of the clerk      **UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**                          ,

and a true and correct copy of the same has been provided to counsel listed

below in the manner indicated on          **January 15, 2016**
                         **via: First Class Mail**

Cynthia Lowery-Graber
cynthia.lowery-graber@bryancave.com
Bryan Cave
1700 Lincoln Street, Suite 4100
Denver, CO 80203

Rachel R. Mentz
Email: mentzr@ballardspahr.com
Ballard Spahr
Firm: 303/292-2400
1225 17th Street, Suite 2300
Denver, CO 80202

Neal John Giersch McConomy
Email: nmcconomy@swlaw.com
Snell & Wilmer
Firm: 303/634-2000
1200 17th Street
Suite 1900
Denver, CO 80202

Bruce A. Featherstone
Email: bfeatherstone@featherstonelaw.com
Featherstone DeSisto
1430 Wynkoop Street, Suite 201
Denver, CO 80202

Matthew A. Morr
Email: morrm@ballardspahr.com
Ballard Spahr
Firm: 303/292-2400
1225 17th Street, Suite 2300
Denver, CO 80202

Christopher P. Carrington
Richards Carrington, LLC
1755 Blake Street, Suite 240
Denver, CO 80202
Telephone: 303-962-2690
Email: chris@richardscarrington.com

Elissa Diane Miller
Email: emiller@sulmeyerlaw.com
SulmeyerKupetz
333 South Hope Street, 35th Floor
Los Angeles, CA 90071

Allison L. Biles
Snell & Wilmer
Firm: 303/634-2000
1200 17th Street
Suite 1900
Denver, CO 80202

_____
NHUT H. LE

# CERTIFICATE OF COMPLIANCE

Pursuant to __Fed. R. App. P. 32(a)(7)(C)__ the undersigned certifies this brief

complies with the type-volume limitations of __Fed. R. App. P. 32(a)(7)(B)__

**1.** EXCLUSIVE OF THE EXEMPTED PORTIONS (F.R.A.P. 32 (a)(7)(B)(iii)) IN THE BRIEF CONTAINS (select one):

☑ A. __6,394__ words, OR

    B. _____ lines of text in monospaced typeface.

**2.** THE BRIEF HAS BEEN PREPARED (select one):

    A. in proportionally spaced typeface using:

       Software Name and Version: **OMNIFORM 5.0** in
                         (Appellate Brief Software)

       (Typeface Name and Font Size): **CG Times 14 pt.**, OR

    B. in monospaced (nonproportionally spaced) typeface using: Typeface name and number of characters per inch:

**3.** IF THE COURT SO REQUESTS, THE UNDERSIGNED WILL PROVIDE AN ELECTRONIC VERSION OF THE BRIEF AND/OR A COPY OF THE WORD OR LINE PRINTOUT.

**4.** THE UNDERSIGNED UNDERSTANDS A MATERIAL MISREPRESENTATION IN COMPLETING THIS CERTIFICATE, OR CIRCUMVENTION OF THE TYPE-VOLUME LIMITS       MAY RESULT IN THE COURTS STRIKING THE BRIEF AND IMPOSING SANCTIONS AGAINST THE PERSON SIGNING THE BRIEF.

_____
NHUT H. LE

# URGENT LETTER™

<table>
<tr><td>

**Nhut H. Le**
**C/o 113 Roselawn East**
**Saint Paul, Minnesota 55117**

</td><td>

## NOTICE OF FILING

<u>MESSAGE DELIVERED VIA:</u>

☐ U.S. First Class Mail

☐ U.S. Express Mail _____

☐ Certified Mail/RRR

</td></tr>
</table>

*January 15, 2016*    *Saturday*

☑ U.S. Priority Mail

☐ Hand Delivered

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT
OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257

☐ Via Fax# _____

☐ Via Email: _____

PAGE 1 OF __32__ (Including This Cover Sheet)

*Appeal Number:*    **15-1388**

### SUBJECT:

**OPENING BRIEF OF APPELLANTS**

Dear Clerk of Court,

Enclosed for filing please find the following documents :

Original and four (4) copies of BRIEF OF APPELLANT

Please file these documents in the referenced case number above.    Should you have any questions regarding this matter, then please feel free to contact me at the telephone number and contact information listed below.

Thank you very much for your kind assistance in this matter.

Very truly yours

**Nhut H. Le**
**C/o 113 Roselawn East**
**Saint Paul, Minnesota 55117**
**651-214-6274**

CC:
Cynthia Lowery-Graber
cynthia.lowery-graber@bryancave.com
Bryan Cave
1700 Lincoln Street, Suite 4100
Denver, CO 80203

Bruce A. Featherstone
Email:
bfeatherstone@featherstonelaw.com
Featherstone DeSisto
1430 Wynkoop Street, Suite 201
Denver, CO 80202

Matthew A. Morr
Email: morrm@ballardspahr.com
Ballard Spahr
Firm: 303/292-2400
1225 17th Street, Suite 2300
Denver, CO 80202

Elissa Diane Miller
Email: emiller@sulmeyerlaw.com
SulmeyerKupetz
333 South Hope Street, 35th Floor
Los Angeles, CA 90071

Allison L. Biles
Snell & Wilmer
Firm: 303/634-2000
1200 17th Street
Suite 1900
Denver, CO 80202

Rachel R. Mentz
Email: mentzr@ballardspahr.com
Ballard Spahr
Firm: 303/292-2400
1225 17th Street, Suite 2300
Denver, CO 80202

NOTICE OF CONFIDENTIALITY; The information contained in this electronic speed transmission may contain confidential information and is intended only for the person(s) or recipient (s) to which it is directed. If you have received this message in error, you are hereby notified that copying, distribution, or any unauthorized publications of this message in any manner is expressly forbidden. You are hereby notified to destroy this electronic message from your computer immediately. Please notify the sender immediately upon receipt so that we can have the information returned at our expense. Thank you for your cooperation in this matter.